```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STEVEN EPSTEIN,

                 Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       14-CV-0937(JS)(ARL)

COUNTY OF SUFFOLK and SUFFOLK
COUNTY COMMUNITY COLLEGE,

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Steven A. Morelli, Esq.
                    The Law Offices of Steven A. Morelli, P.C.
                    990 Stewart Avenue, Suite 130
                    Garden City, NY 11530

                    Jonathan A. Tand, Esq.
                    Tand & Associates
                    990 Stewart Avenue, Suite 130
                    Garden City, NY 11530

For Defendants:     Elaine M. Barraga, Esq.
                    Leonard G. Kapsalis, Esq.
                    Suffolk County Attorney's Office
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Plaintiff Steven Epstein, formerly a tenured professor of Suffolk County Community College ("SCCC"), filed an Amended Complaint on September 25, 2015, alleging that his former employers discriminated against him because of his age and disability. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Docket

Entry 20.) For the following reasons, Defendants' motion is GRANTED.

BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case, which are chronicled in the Court's prior decision. See generally Epstein v. Cty. of Suffolk, No. 14-CV-0937, 2015 WL 5038344 (E.D.N.Y. Aug. 26, 2015). The salient details are discussed below.

During his ten-year career with SCCC, Plaintiff served as a tenured professor and a coordinator of SCCC's honors program. (Am. Compl., Docket Entry 18, ¶¶ 21, 23.) After his appointment as honors coordinator, Plaintiff voiced concerns to the SCCC administration that various school-wide practices diminished the quality of the honors program and disproportionately impacted minority students. (Am. Compl. ¶¶ 24-25, 27.) In response to these concerns, Defendants allegedly removed Plaintiff as an honors coordinator and denied his request to accommodate his medical disability. (Am. Compl. ¶¶ 36-37, 44.)

Plaintiff allegedly suffers from achalasia, severe drowsiness, insomnia, and extremely high blood pressure, "the medication for which also contributes to sleep disorders and fatigue." (Am. Compl. ¶ 55.) Achalasia is a digestive disorder that affects a person's ability to swallow food. (Am. Compl. ¶ 55.) Because of his achalasia, Plaintiff has "severe problems

falling asleep, sleeping undisturbed, and . . . remaining awake when driving long distances." (Am. Compl. ¶ 56.) In fact, he "must sleep semi-upright to avoid night time acid reflux." (Am. Compl. ¶ 55.) Because Plaintiff is "too tired to safely drive" to SCCC campus, (Am. Compl. ¶ 42), Plaintiff requested to "teach most of his course load and hold office hours remotely, via distance learnin." (Am. Compl. ¶ 45). Defendants denied the requested accommodation. (Am. Compl. ¶ 44.)

Following this, Plaintiff filed two complaints with the New York State Division of Human Rights ("NYSDHR"): one alleging age and disability discrimination and the other alleging retaliation. (Am. Compl. ¶ 5.) The NYSDHR denied the first complaint on evidentiary grounds and the second for administrative convenience because Plaintiff wished to pursue his case in federal court. (Am. Compl. ¶ 5.) The Equal Employment Opportunity Commission adopted the NYSDHR's findings and issued a Notice of Right to Sue. (Am. Compl. ¶ 6.)

Plaintiff then filed this lawsuit. He alleges that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. as amended in 2008; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq.; and the United States Constitution under 42 U.S.C. § 1983. (Am. Compl. ¶ 1.) Defendants filed a motion to dismiss, which the

Court granted with leave to replead. (See, Aug. 26, 2015 Mem. & Order, Docket Entry 16.)

## DISCUSSION

As a preliminary matter, the Court notes that Plaintiff is withdrawing his retaliation claim under state law. (See Pl.'s Br., Docket Entry 22, at 2.)

I. Legal Standard

A. Rule 12(b)(1)

To assert an employment discrimination claim in federal court, a would-be litigant must first exhaust his administrative remedies by filing a timely complaint with the EEOC. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82-83 (2d Cir. 2001); Agosta v. Suffolk Cty., 981 F. Supp. 2d 167, 172 (E.D.N.Y. 2013). This exhaustion requirement "give[s] the [EEOC] the opportunity to investigate, mediate and take remedial action." Stewart v. United States I.N.S., 762 F.2d 193, 198 (2d Cir. 1985). Accordingly, "'claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency.'" Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 177 (2d Cir. 2005) (quoting Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (per curiam)). Conduct is reasonably related if it "'would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'"

4

Id. (quoting Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001)); see also Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) (permitting a "loose pleading" standard because "EEOC charges frequently are filled out by employees without the benefit of counsel" (internal quotation marks and citation omitted)). In sum, a federal court lacks subject matter jurisdiction if a plaintiff's allegations were not filed with the EEOC or not "'reasonably related' to the allegations in the complaint that was filed with the EEOC." Owens v. N.Y. City Hous. Auth., 934 F.2d 405, 410 (2d Cir. 1991).

B. Rule 12(b)(6)

When reviewing a motion to dismiss, the Court construes "the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007), and allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the plaintiff need not provide "detailed factual allegations" to support his claims, Twombly, 550 U.S. at 555-56, 127 S. Ct. at 1964, Rule 12(b)(6) demands "more

5

than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

In conducting this analysis, the Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citations omitted); see also Chambers, 282 F.3d at 153 (noting that a document is "integral" if the complaint "relies heavily upon its terms and effect" (internal quotation marks and citation omitted)); accord Muhammad v. N.Y. City Trans. Auth., 450 F. Supp. 2d 198, 204-05 (E.D.N.Y. 2006) (finding that a state agency's determination is a "public record[ ], of which this Court may take judicial notice" (citing Moll v. Telesector Res. Grp., Inc., No. 04-CV-0805, 2005 WL 2405999, at *4 (W.D.N.Y. Sept. 29, 2005))). Thus, the Court will consider the NYSDHR's determinations "without converting this argument into a motion for summary judgment." See Muhammad, 450 F. Supp. 2d at 205.

The Court also recognizes that employment discrimination claims are evaluated under the well-worn, burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See, e.g., Smith v. N.Y. City of Dep't of Educ., 808 F. Supp. 2d 569, 580

6

(S.D.N.Y. 2011); see also Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010). Under this framework, the plaintiff bears the initial burden of demonstrating a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824. The defendant then bears the burden of establishing a "legitimate, non-discriminatory reason" for its actions. Id. If the defendant makes such a showing, the plaintiff must then prove that the defendant's articulated reasons are pretextual. Id.

At the pleadings stage, however, a plaintiff need not plead a prima facie case of discrimination. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002) (finding that the McDonnell Douglas framework only applied at the summary judgment phase because it is "an evidentiary standard, not a pleading requirement"); Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015). Rather, a complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz, 534 U.S. at 512, 122 S. Ct. at 998 (quoting Fed R. Civ. P. 8(a)(2)); accord Rodriguez v. Verizon Telecom, No. 13-CV-6969, 2014 WL 6807834, at *3 (S.D.N.Y. Dec. 3, 2014) (observing that the prima facie elements of a discrimination claim provide an outline as to whether the plaintiff's claims are plausible (citation omitted)).

II. Discrimination under the ADA

First, Plaintiff alleges that SCCC violated the ADA by failing to provide reasonable accommodations for his disability. (Pl.'s Br. at 5-7.) The ADA prohibits discrimination against a "qualified individual on the basis of disability" in the "terms, condition, and privileges of employment." 42 U.S.C. § 12112(a). To plead a failure-to-accommodate claim, a plaintiff must assert that "'(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'" McMillan v. City of N.Y., 711 F.3d 120, 125-26 (2d Cir. 2013) (quoting McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009)). "By requiring reasonable accommodation, 'Congress intended simply that disabled persons have the same opportunities available to them as are available to nondisabled persons.'" Lovejoy-Wilson v. Noco Motor Fuel, Inc., 263 F.3d 208, 218 (2d Cir. 2001) (quoting Wernick v. Fed. Reserve Bank, 91 F.3d 379, 384 (2d Cir. 1996)). It is important to recognize, though, that "there are two requirements: the impairment must limit a major life activity and the limitation must be substantial." Capobianco v. City of N.Y., 422 F.3d 47, 56 (2d Cir. 2005).

Plaintiff fails to satisfy the second requirement--that he suffers from a substantial disability. Although sleep is "'undoubtedly a major life activity,'" the Amended Complaint lacks any inferences that Plaintiff's difficulties "produce[d] the kind of chronic, profound insomnia typically required to establish a substantial limitation." See De La Noval v. Papa's Dodge, No. 14-CV-0460, 2015 WL 1402010, at *6 (D. Conn. Mar. 26, 2015) (quoting Colwell v. Suffolk Cty. Police Dep't, 158 F.3d 635, 643 (2d Cir. 1998), superseded by statute on other grounds, ADA Amendments Act of 2008, Pub. L. 110–325, 122 Stat. 3553 (2008), as recognized in Ragusa v. Malverne Union Free Sch. Dist., 381 F. App'x 85, 88 (2d Cir. 2010) (unpublished))). Plaintiff rephrases some language from the original Complaint, but the end result is the same: Plaintiff has trouble sleeping. (Compare Compl., Docket Entry 1, ¶ 42 (sleeping in a "reclining position") with Am. Compl. ¶ 42 (sleeping in a "semi-upright position").) As the Court previously held, "Plaintiff's claim that it was difficult for him to get a restful night's sleep does not adequately describe a condition that substantially limits a major life activity." Epstein, 2015 WL 5038344, at *6.

Moreover, Plaintiff requested to work remotely because he is "too tired to safely drive" to SCCC's campus. (Am. Compl. ¶ 42.) His remaining issue, then, would be driving to work, and "Plaintiff concurs that the courts in this Circuit have held that

9

driving in itself is not a major life activity." (Pl.'s Br. at 6 (citing Anderson v. Nat'l Grid, PLC, 93 F. Supp. 3d 120 (E.D.N.Y. 2015)).) Admittedly, Plaintiff's opposition brief, citing paragraphs forty-two and fifty-six of the Amended Complaint, asserts that "his achalasia (and other conditions) cause impairments that he experiences throughout the day and that his work life would be improved if he could teach via distance learning." (Pl's Br. at 6 (citing Am. Compl. ¶¶ 42, 56).) But the Amended Complaint says no such thing, so the Court will not consider these new allegations. See Friedl v. City of N.Y., 210 F.3d 79, 83-84 (2d Cir. 2000) (finding that a district court errs when it "relies on factual allegations contained in legal briefs or memoranda").

But even if Plaintiff's disability was substantial, the Second Circuit has held that there must be a "causal link between the specific condition which limits a major life activity and the accommodation requested." Felix v. N.Y. City Trans. Auth., 324 F.3d 102, 104 (2d Cir. 2003). No such showing has been made here. In Felix, for example, a subway station employee suffered trauma after learning that a fellow employee was killed because of a firebombing incident at work. Id. at 103. The employee feared for her own life and later developed a variety of symptoms, including insomnia. Id. at 103-04. Because of her trauma, she requested not to work in the subway. Id. at 104. When her employer

10

denied this accommodation, she filed an ADA claim. Id. The district court granted summary judgment in favor of the employer, and the Second Circuit affirmed. Id. In reaching this conclusion, the Second Circuit noted that plaintiff never argued that "she was unable to work in the subway because such work aggravated her insomnia; she told [her employer] that she could not work in the subway because she was 'terrified of being alone and closed in.'" Id. at 106-07. So too here. Critically, the Amended Complaint does not assert that teaching at SCC triggers Plaintiff's sleep-related disorders. In other words, Plaintiff will ostensibly suffer from his achalasia whether he teaches at home or on campus. Thus, Plaintiff's ADA claim is DISMISSED WITH PREJUDICE.

III. Age Discrimination Under the ADEA

Evidence is similarly lacking on Plaintiff's ADEA discrimination claim. The ADEA prohibits discrimination against employees over forty years old because of their age. 29 U.S.C. § 623(a)(1). The purpose of the statute is to prevent an employer from "rely[ing] on age as a proxy for an employee's remaining characteristics, such as productivity." Hazen Paper Co. v. Biggins, 507 U.S. 604, 611, 113 S. Ct. 1701, 1706, 123 L. Ed. 2d 338 (1993). A plaintiff establishes a prima facie case of age discrimination under the ADEA by showing "(1) that []he was within the protected age group, (2) that []he was qualified for the position, (3) that []he experienced adverse employment action, and

(4) that such action occurred under circumstances giving rise to an inference of discrimination." Gorzynski, 596 F.3d at 107. Essentially, age must be "the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., 557 U.S. 167, 178, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009).

The Court finds that Plaintiff has failed to identify another similarly situated employee who received better treatment. The Amended Complaint offers only bald assertions that younger individuals replaced older workers or received accommodations that older workers did not receive. Cf. Nance v. City of N.Y., No. 09-CV-2786, 2011 WL 2837491, at *4 (E.D.N.Y. July 14, 2011) ("[A]n allegation that plaintiff was replaced by a younger employee is not sufficient, without more, to survive a motion to dismiss."). But Plaintiff has not linked any employment decisions to inferences of age discrimination. Instead, he merely invokes terms of art used in ADEA cases. (See Am. Compl. ¶ 70 ("But for Plaintiff's age, he would have been accommodated.").) That is not enough. Therefore, Plaintiff's ADEA claim is DISMISSED WITH PREJUDICE.

IV. Constitutional Claims

Plaintiff also asserts four constitutional claims: (1) municipal liability, (2) due process, (3) hostile work environment, and (4) equal protection. As discussed below, all of them are unsuccessful.

A.  Municipal Liability under Section 1983

Although Plaintiff contends that Defendants acted under a policy to discriminate against him, nothing in the Amended Complaint supports that conclusion. To plead a claim for municipal liability, a plaintiff must show "an injury to a constitutionally protected right . . . that . . . 'was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy.'" Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (quoting Skehan v. Vill. of Mamaroneck, 465 F.3d 96, 108-09 (2d Cir. 2006), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008)); see also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978). Although a policy or custom need not be explicitly stated, Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir. 1996) (citing Sorlucco v. N.Y. City Police Dep't, 971 F.2d 864, 870 (2d Cir. 1992)), isolated incidents will not suffice. See City of Okla. City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985). Indeed, the "discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy-making officials." Sorlucco, 971 F.2d at 871 (citations omitted).

Here, the Amended Complaint contains no specific facts demonstrating that Defendants had an official policy in place to discriminate against employees like Plaintiff. (See Am. Compl.

13

¶¶ 84-90.) To be sure, Plaintiff alleges that SCCC diminished the quality of the honors program and disproportionately impacted minority students through the use of unethical policies. (Pl.'s Br. at 10.) But Plaintiff has not connected these allegations to a policy or custom. Rather, Plaintiff offers conclusory allegations that Defendants held a custom of "preferring younger individuals to Plaintiff" and "failing to accommodate disabled persons." (Am. Compl. ¶ 76(i)-(ii).) What is more, Plaintiff has not provided any evidence of other employees affected by this supposed widespread discrimination. See Murray v. Admin. for Children's Servs., 476 F. Supp. 2d 436, 442 (S.D.N.Y. 2007) ("The Amended Complaint does not allege other similar instances of malicious prosecution that could raise an inference that the [defendant] maintains a policy or custom of deliberate indifference to these types of unconstitutional deprivations."). Thus, Plaintiff's municipal liability claim is DISMISSED WITH PREJUDICE.

B. Due Process

Nor has Plaintiff plausibly alleged that he was denied due process. In the original Complaint, Plaintiff maintained that he had a property interest in his position as an honors coordinator. See Epstein, 2015 WL 5038344, at *11. This Court disagreed, finding that any "property interest did not extend to the honors coordinator position, which the school had authority to

14

eliminate without holding a hearing." Id. The Amended Complaint has offered no reasons to change this outcome.

And any new due process claims, including one based on a property interest in Plaintiff's position as a tenured professor, are improperly before the Court because Plaintiff failed to exhaust his administrative remedies. (See Am. Compl. ¶¶ 79-82.) The Amended Complaint, for the first time, discusses how SCCC denied Plaintiff a hearing when it terminated him as a tenured professor. (Am. Compl. ¶ 82.) This information was not presented to the NYSDHR. (See Barraga Aff. Ex. D, Second NYSDHR Charge, Docket Entry 20-5, at 10 (discussing that Plaintiff was denied due process for his removal as an honors coordinator, not as a tenured professor).) In other words, these allegations did not provide adequate notice to the NYSDHR or the EEOC "to investigate, mediate and take remedial action" before Plaintiff filed a federal lawsuit. See Stewart, 762 F.2d at 198. Accordingly, this later-articulated claim of due process is not reasonably related to the previous allegations made in the NYSDHR charges. Thus, Plaintiff's due process claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. See Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

C.  Hostile Work Environment

Next, Plaintiff has not adequately plead his hostile work environment claim. To do so, a plaintiff must produce evidence that the alleged conduct "'(1) is objectively severe or pervasive--that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex,'" or another protected characteristic. See Conklin v. Cty. of Suffolk, 859 F. Supp. 2d 415, 425 (E.D.N.Y. 2012) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)). Whether a work environment is hostile depends on the totality of the circumstances, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Kaytor v. Elec. Boat Corp., 609 F.3d 537, 547 (2d Cir. 2010) (alterations omitted) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S. Ct. 367, 369, 126 L. Ed. 2d 295 (1993)).

Courts in this Circuit have recognized that a plaintiff's burden is "remarkably high." See, e.g., DelaPaz v. N.Y. City Police Dep't, No. 01-CV-5416, 2003 WL 21878780, at *3 (S.D.N.Y. Aug. 8, 2003) (observing that "the Second Circuit erected a remarkably high hurdle with respect to the level and frequency

16

of offensive conduct that must be present in order to sustain" a hostile work environment claim). True enough, a court is more likely to find a hostile work environment when there is evidence of sexual assaults, unwanted physical contact, obscene language, and unwelcome sexual solicitations. See Redd v. N.Y. Div. of Parole, 678 F.3d 166, 177 (2d Cir. 2012).

But the Amended Complaint fails to indicate the type of severe and pervasive harassment required under this Circuit's precedent. Essentially, Plaintiff alleges that he was denied stipends and threatened with discipline. (See Am. Compl. ¶¶ 84-90.) In light of the Second Circuit's "remarkably high" standard, those allegations do not suffice. See DelaPaz, 2003 WL 21878780 at *3. Thus, Plaintiff's hostile work environment claim is DISMISSED WITH PREJUDICE.

D. Equal Protection

Finally, Plaintiff has failed to plausibly allege his Equal Protection claim. First, "the Equal Protection Clause does not apply to public employees, like Plaintiff, who are asserting a class-of-one theory of discrimination." Epstein, 2015 WL 5038344, at *11. Second, although Plaintiff references two college professors who were granted his requested accommodation, the Amended Complaint does not show that those professors were similarly situated to him. (Am. Compl. ¶ 93.) Thus, Plaintiff's Equal Protection claim is DISMISSED WITH PREJUDICE.

<u>CONCLUSION</u>

Defendants' motion to dismiss is GRANTED in its entirety. (Docket Entry 20.) Plaintiff's due process claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and the remaining claims are DISMISSED WITH PREJUDICE. The Clerk of the Court is respectfully directed to enter judgment in favor of Defendants and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August __11__, 2016
       Central Islip, New York